IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER RIOS JR.,<br>*Plaintiff* | § § § § | |
| -vs- | § § | SA-23-CV-01543-XR |
| SOUND EXCHANGE INC.,<br>*Defendant* | § § § § | |

### ORDER

On this day, the Court considered Defendant's motion to dismiss (ECF No. 10). After careful consideration, the Court **GRANTS** Defendant's motion.

### BACKGROUND

*Pro se* Plaintiff Francisco Javier Rios Jr. alleges that Defendant SoundExchange Inc. has improperly withheld royalties generated by his music since November 2019. ECF No. 5. Plaintiff now seeks a court order to force Defendant to release these royalties. Specifically, Plaintiff asserts full ownership rights to royalties for recordings performed under the name "La Gran Herencia," and fifty percent of royalties for recordings performed under the name "Los Herederos De Nuevo León." *Id*. at 2.

Defendant SoundExchange is a non-profit collective rights management organization designated by statute to collect and distribute digital performance royalties for sound recordings. ECF No. 10-1 at 6. Defendant pays featured and non-featured artists and sound recording rights owners for noninteractive use of sound recordings under the statutory licenses set forth in 17 U.S.C. §§ 112 and 114. *Id.* When multiple musicians assert claims on a particular sound recording that exceeds one hundred percent, Defendant assigns the recordings a "disputed" status. *Id.* at 9.

1

Defendant then places the distribution of all future royalties for that sound recording on hold and awaits either a contractual or judicial resolution among the parties. *Id.* at 6.

Here, Defendant asserts that overlapping ownership claims on sound recordings produced by "La Gran Herencia" and "Los Herederos De Nuevo León" exceed one hundred percent, thereby precluding Defendant from distributing royalties to Plaintiff for the recordings. *Id.* at 9. With respect to "La Gran Herencia," Plaintiff asserts a claim for 100 percent of the featured artist royalties, while Carlos Lopez Tapia asserts a claim for 25 percent of the featured artist royalties. *Id.* With respect to "Los Herederos De Nuevo León," Plaintiff and Eduardo Mora Lazano each assert a claim for 50 percent of the featured artist royalties, while Carlos Lopez Tapia again asserts a claim for 25 percent of the royalties. *Id.* Consequently, Defendant categorized recordings made under these names as "disputed" and began withholding all royalties derived from them in November 2019. *Id.*

Plaintiff does not specify his alleged damages, but Defendant contends the total amount of royalties withheld by SoundExchange in connection with these disputed sound recordings is $21,337.73. *Id.* at 10.

**LEGAL STANDARD**

Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "Because at issue in a factual

2

12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 413. Further, materials such as affidavits and regulations can be considered when relevant to the issue of jurisdiction. *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

## DISCUSSION

Defendant asserts that Plaintiff cannot establish either diversity jurisdiction or federal question jurisdiction. Defendant also argues that Plaintiff lacks Article III standing because he cannot identify an injury traceable to Defendant SoundExchange.

### 1. Diversity Jurisdiction

Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *White v. FCI USA, Inc.*, 319 F.3d 672, 674–75 (5th Cir. 2003). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

When the plaintiff does not plead a specific dollar amount in controversy, the Fifth Circuit has adopted a two-step analysis to determine whether the amount in controversy requirement has been satisfied. *See Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). First,

courts look to the complaint to determine if it is "facially apparent" that the amount in controversy is likely to exceed the jurisdictional amount. *Id.* Second, if courts cannot make any determination based on the complaint, then the party seeking jurisdiction must prove by a preponderance of the evidence, through submission of summary judgment-like evidence, the jurisdictional facts in question. *Id.*

Plaintiff fails to plead in his Amended Complaint either a specific amount in controversy or any factual allegations to assist the Court in determining that the amount in controversy is likely to exceed the jurisdictional amount. Plaintiff also failed to file a response to Defendant's motion to dismiss and thus has not submitted any summary judgment-like evidence to the Court to establish the jurisdictional facts in question. Indeed, Plaintiff offers no evidence to rebut Defendant's contention that the total amount of royalties withheld by SoundExchange since November 2019 in connection with these disputed sound recordings is only $21,337.73. ECF No 10-1 at 16.

Therefore, the Court agrees with Defendant that Plaintiff has not demonstrated by a preponderance of the evidence that the amount in controversy has been satisfied.

2. **Federal Question Jurisdiction**

Federal courts also have subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. "Generally, a case arises under federal law only where a federal question is presented on the face of a well-pleaded complaint, that is, a complaint that asserts the plaintiff's right to recovery based on federal law." *La. Indep. Pharms. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022). The party seeking federal question jurisdiction has the burden of proving by a preponderance of the evidence that courts have subject matter jurisdiction over the dispute. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

Here, Plaintiff's Amended Complaint makes no reference to any federal law. To the extent that Plaintiff seeks relief under the federal Copyright Act—an argument raised in Defendant's motion to dismiss, but not in Plaintiff's Amended Complaint—the Court observes that an action "arises under" the Copyright Act if and only if the complaint: (1) "is for a remedy expressly granted by the Act[,]" (2) "asserts a claim requiring constructi[on] of the Act," or (3) "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987). In order to determine whether the suit falls within any of these three categories, the "analysis turns on whether and how the face of a plaintiff's complaint implicates the Copyright Act." *Kane v. NACE Int'l*, 117 F. Supp. 2d 592, 595 (S.D. Tex. 2000). As currently pled, the Amended Complaint gives no indication that Plaintiff's suit falls within one of the categories enumerated by the Fifth Circuit in *Goodman*. Indeed, the Court cannot determine if Plaintiff even seeks to dispute the legitimacy of the competing copyright claims that Defendant SoundExchange alleges are being asserted by Carlos Lopez Tapia.[1]

The Court thus concludes that it lacks either diversity or federal question subject matter jurisdiction. Accordingly, the Court need not address Defendant's arguments regarding Article III standing at this point. *See Benham v. Five Point Dental Specialists, Inc.*, No. 4:24-CV-484-SDJ, WL 2852964, at *2 n.2 (E.D. Tex. June 4, 2024) (holding "because the Court concludes that there is no federal question jurisdiction in this case, it need not further address the standing issue"); *Brady v. Progressive Ins.*, No. 4:23-cv-02915, 2023 WL 8037826, at *2 (S.D. Tex. Nov. 17, 2023)

---

[1] A court must liberally construe *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "proceeding *pro se* does not eliminate the pleading requirements under the Federal Rules of Civil Procedure." *Lee v. United States Bank N.A.*, No. 6:20-CV-00074, 2022 WL 19569544, at *2 (S.D. Tex. Aug. 2, 2022). Even while holding *pro se* plaintiffs "to a more lenient standard than lawyers when analyzing complaints," *pro se* complaints "must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

(finding "the Court must dismiss this case for lack of subject matter jurisdiction and need not address Defendants' arguments regarding Article III standing"); *Wiley v. Department of Energy*, No. 21-933, 2021 WL 4460529, at *5 n.39 (E.D. La. Sept. 29, 2021) (finding "it need not resolve the questions concerning [plaintiff's] standing" after concluding that plaintiff failed to establish the amount in controversy or federal question jurisdiction).

3. **Leave to Amend**

The Fifth Circuit has concluded that dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), including on the basis of lack of standing, should be without prejudice. *See Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. App'x. 620, 622 (5th Cir. 2004). Further, the Fifth Circuit has advised that a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The Court thus **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant.

The Court shall grant leave to Plaintiff to file a second amended complaint by **August 30, 2024.** If Plaintiff files a second amended complaint, he must articulate either a basis for diversity jurisdiction or federal question jurisdiction. As discussed above, Plaintiff must plead complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000 to establish diversity jurisdiction. Alternatively, to establish federal question jurisdiction under the Copyright Act, Plaintiff must plead facts sufficient to allow the Court to conclude that Plaintiff is seeking a remedy expressly granted by the Copyright Act or asserting a claim requiring construction of the Copyright Act. Plaintiff should also specify whether he is contesting Carlos Lopez Tapia's claims for the royalties on sound recordings produced by "La Gran Herencia" and "Los Herederos De Nuevo León."[2]

---

[2] The Court notes that in an Advisory dated June 26, 2024, Defendants represented, "[i]n an effort to facilitate the resolution of Plaintiff's claim, SoundExchange has offered to provide Mr. Rios with the contact information of Mr.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant. Plaintiff shall file a second amended complaint by **August 30, 2024**.

It is so **ORDERED**.

**SIGNED** this 16th day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

Tapia and Mr. Lozano and any other known claimants. SoundExchange has further made clear that if Mr. Rios is able to reach an agreement with Mr. Tapia and Mr. Lozano and other known claimants as to the percentage of royalties owed to each, SoundExchange will release the royalties in accordance with its conflicts and distribution policies." ECF No. 23 at 1.